UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FELTON LEGARDE                                          CIVIL ACTION

VERSUS                                                  NO. 13-805-RLB

SERGEANT CHRISTOPHER
L. METZ

---

**RULING AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

Before the Court is Plaintiff's Motion for Summary Judgment filed on January 14, 2015. (R. Doc. 36). Any opposition by Defendant, Christopher L. Metz, was due by February 9, 2015. *See* LR 7(f) (responses to motions must be filed within 21 days); Fed. R. Civ. P. 6(d) (adding 3 days for responses when service is made under Rule 5(b)(2)(E)); Fed. R. Civ. P. 5(2)(b)(E) (service by electronic means). As of this Order, Defendant has not opposed or otherwise responded to Plaintiff's Motion for Summary Judgment.

**I.     BACKGROUND**

This is a suit for constitutional violations made actionable by 42 U.S.C. § 1983. Plaintiff is an inmate incarcerated by the State of Louisiana. Defendant is employed by the State of Louisiana as a prison guard. At the time of the alleged incident, Defendant was working in the same facility in which Plaintiff was housed. According to Plaintiff, on March 13, 2013, Defendant "approached with his penis out and told [Plaintiff] to 'suck his dick.'" (R. Doc. 36 at 1). After refusing this "advance," Plaintiff explains that Defendant followed him into the restroom. (R. Doc. 36 at 1). While Plaintiff "was urinating," Defendant allegedly took the

handle of a broom and "shoved it on [Plaintiff's] butt," saying: "'You going to suck my dick. You a hoe." (R. Doc. 36 at 1); (R. Doc. 36-4 at 2). Plaintiff again refused Defendant's "advance" and left the restroom. (R. Doc. 36 at 1). Plaintiff claims that Defendant "then followed [Plaintiff] about his day" while "punching on [him]" and "telling him, 'Bitch, you a hoe. You going to suck my dick.'" (R. Doc. 36 at 1); (R. Doc. 36-4 at 2).

Following these events, Plaintiff filed an ARP (Administrative Remedy Procedure), lodging a formal complaint against Defendant. (R. Doc. 36-4). The ARP did not include all of the allegations in the Complaint. (R. Doc. 36) (In a letter to his attorney, Plaintiff explains, "I didn't get to write everything that I wanted to write in the ARP . . . ."). The prison's First Step Response Form summarizes the allegations: "Offender Felton Lagarde in his ARP alleged . . . that Sgt. Metz approached him with his penis in his hand and asked him to suck his penis." (R. Doc. 36-5). According to prison officials, when questioned about the incident, Defendant "admitted to Offender Legarde's allegations." (R. Doc. 36-5).

On December 18, 2013, Plaintiff filed this law suit claiming that Defendant's conduct amounted to excessive force and sexual harassment in violation of his Eighth Amendment rights. Defendant submitted an Answer denying the allegations; however, he failed to plead qualified immunity—an affirmative defense. Plaintiff later filed this Motion for Summary Judgment on the issue of liability. (R. Doc. 36). Defendant has not filed an opposition or otherwise responded.

## II. APPLICABLE LAW

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. When a motion for summary judgment is properly made and supported under Rule 56(c), the opposing party may

not rest on the mere allegations of their pleadings, but rather must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(c)(1).

## III. DISCUSSION

Plaintiff suggests that Defendant's use of excessive force and sexually harassing behavior amounted to an Eighth Amendment violation. He seeks summary judgment on the issue of liability under the Eighth Amendment.

### A. Sexual Harassment

An alleged sexual assault is actionable "under § 1983 when (1) the assault is objectively, sufficiently serious and (2) the involved prison official acted with a sufficiently culpable state of mind." *Tilley v. Gonzalez*, 2010 WL 1541494, at *4 (N.D. Tex. Mar. 10, 2010); *see also Burleson v. Tex. Dep't Criminal Justice*, 393 F.3d 577, 589 (5th Cir. 2004) (same elements apply in the context of a general Eighth Amendment claim). There can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be objectively, sufficiently serious enough to constitute an Eighth Amendment violation. *Boddie v. Schnieder*, 105 F.3d 857, 861-862 (2d Cir. 1997). However, not all sexually-harassing actions amount to a constitutional violation afforded such protection. *Boddie*, 105 F.3d at 861 (verbal harassment and fondling of inmate's genitals by prison guard, though despicable, not sufficiently serious to establish Eighth Amendment violation); *Adkins v. Rodriguez*, 59 F.3d 1034, 1037 (10th Cir. 1995) (verbal sexual harassment by jailer, while outrageous and reprehensible, does not amount to a violation of the inmate's Eighth Amendment rights); *Petty v. Venus Correctional Unit*, 2001 WL 360868, at *2 (N.D. Tex. April 10, 2001) (same).

The facts established by Plaintiff, although uncontested, are insufficient to state a claim under the Eighth Amendment. Plaintiff has put forth evidence that Defendant exposed himself, asked Plaintiff to perform sexual acts on him and shoved a broomstick on Plaintiff's "butt." While the Court finds this conduct deplorable, it is not sufficient to rise to the level of an Eighth Amendment violation.

Because only severe or repetitive sexually harassing behavior or abuse will violate the Eighth Amendment, district courts in the Fifth Circuit have "consistently found that single, isolated acts," like the conduct alleged by Plaintiff, are not actionable claims of sexual harassment under the Eighth Amendment. *Ben v. Brinks*, 2014 WL 931796, at *2 (W.D. Tex. Feb. 13, 2014), *report and recommendation adopted,* 2014 WL 931432 (W.D. Tex. March 10, 2014). For example, in *Ben v. Brinks*, an inmate alleged "unwanted and unsolicited rubbing and touching of his inner thighs and buttocks" by a prison guard, who also "threatened to have him killed if he made any complaints to the authorities." *Ben*, 2014 WL 931796, at *1. The court found this single instance of sexual touching, which did not result in any physical injury, along with verbal threats, were not sufficiently serious or repetitive to violate the Eighth Amendment. *Id.* at *3.

In *Wright v. Thompson*, the court dismissed an inmate's sexual harassment claim alleging that "on one particular date, [a prison guard] touched his penis," and otherwise verbally harassed him on several occasions. *Wright*, 2010 WL 3282955, at *1-2, 4 (W.D. La. June 30, 2010), *report and recommendation adopted*, 2010 WL 3282957 (W.D. La. Aug. 17, 2010). According to the court, the "single brief physical contact . . . coupled with the officer's verbal harassment," was not the "kind of severe and repetitive abuse or wanton and sadistic infliction of pain that rises to the level of an Eighth Amendment violation." *Id.* at *4-5.

Finally, in *Cooper v. Caddo Correctional Center,* the Western District of Louisiana found an inmate's allegations that a prison guard verbally harassed him and "grabbed his buttocks on one occasion for 30 to 40 seconds" while the inmate was urinating did not amount to sexual harassment in violation of the Eighth Amendment. *Cooper*, 2007 WL 471185, at *1-2 (W.D. La. Jan. 11, 2007).[1] The Western District explained that *Cooper's* "single, brief physical contact and associated verbal harassment are not sufficiently serious and pervasive to permit redress under the constitution." *Id.* at *3. Moreover, the court noted that the inmate's "exposure to verbal sexual harassment and verbal abuse [did] not present an actionable claim under § 1983." *Id.* at *2 (citing *Jane Doe 5 v. City of Haltom City*, 106 F. App'x 906, 908 (5th Cir. 2004) ("Verbal sexual harassment does not violate a detainee or inmate's constitutional rights . . . .")).

Similar to the allegations in *Ben*, *Wright* and *Cooper*, Plaintiff has not demonstrated an actionable claim for sexual harassment under the Eighth Amendment. The alleged conduct took place over the course of a single day and did not result in any physical injury. Most importantly, it included only one instance of sexually-natured touching — when Defendant placed a broom handle "on [Plaintiff's] butt."[2] While the conduct complained of is deplorable, it is not "repugnant to the conscience of mankind" — i.e., sufficiently serious or pervasive to violate the Eighth Amendment. *Hudson v. McMilliam*, 503 U.S. 1, 10 (1992); *see also Copeland v. Nunan*, 250 F.3d 743, at *3 (5th Cir. 2001) (eighth amendment was not violated where prisoner was subjected to two instances of "unwanted touching for which he suffered no physical and no more

---

[1] The *Cooper* opinion cited by the Court is a Report and Recommendation issued by a magistrate judge. Although not available through Westlaw, that Report and Recommendation was fully adopted by the District Court. *See* Judgment, *Cooper v. Caddo Correctional Center*, No. 06-09 (W.D. La. Feb. 8, 2007), ECF No. 49 (adopting magistrate judge's report and recommendation to grant defendant's motion for summary judgment, and dismissing plaintiff's cause of action).

[2] There is no indication that the broom handle even made contact with Plaintiff's skin, as opposed to his clothes. The Court further notes that the Motion and Memorandum both assert that the broom handle was shoved on Plaintiff's rectum. (R. Doc. 36 at 1); (R. Doc. 36-1 at 1). Plaintiff's Declaration, however, does not identify contact with the rectum. (R. Doc. 36-4 at 2) ("he took the broom handle and shoved it on my butt").

than *de minimis* psychological injuries"); *Washington v. City of Shreveport*, 2006 WL 1778756, at *2, 6 (W.D. La. June 26, 2006) (prisoner's allegations that guard "fondled her breast once, touched her inner thigh, and made sexual remarks to her, including repeatedly asking her for sex," did not constitute sexual harassment under the Eighth Amendment). Moreover, Plaintiff cannot recover for verbal sexual harassment under § 1983. *See Jane Doe 5*, 106 F. App'x at 908 ("Verbal sexual harassment does not violate a detainee or inmate's constitutional rights . . . ."). And so, the facts currently established by Plaintiff are insufficient to grant summary judgment for a claim of sexual harassment in violation of the Eighth Amendment.

### B. Excessive Force

In the context of an excessive force claim, "the core judicial inquiry" is not whether a "certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). While a serious injury must not occur for a court to find excessive force, the "absence of serious injury" remains relevant to the Eighth Amendment inquiry. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Nonetheless, the "Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force." *Gaddy*, 559 U.S. at 37-38. For example, an inmate complaining of a "push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim." *Id.* at 38.

Plaintiff claims that after refusing Defendant's sexual advances, Defendant "punched on him" throughout the remainder of the day. (R. Doc. 36-1 at 1); (R. Doc. 36-4 at 2). Plaintiff does not indicate how many times Defendant "punched on him" or how hard he was punched. Instead, in his own words, Plaintiff did not suffer any physical injury as a result of the punches.

(R. Doc. 36-1 at 5) (Defendant "may not have actually asserted the type of physical pain akin to typical Eighth Amendment claims.").

The Eighth Amendment necessarily excludes from constitutional recognition uses of force that do not result in injury, as well as "de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). Plaintiff has not alleged any physical injury caused by the punches and has not put forth evidence establishing the level of force exerted. Simply put, the facts that are currently before the Court are insufficient to warrant summary judgment for Plaintiff. This is not to say that Plaintiff cannot establish an Eighth Amendment violation after further discovery. It is also not to say that Defendant could not prevail on his own motion. Nonetheless, summary judgment in favor of the Plaintiff is inappropriate at this time. Therefore,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 10, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**