UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FELTON LAGARDE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-805-RLB** |
| **SERGEANT CHRISTOPHER L. METZ** | |

**MEMORANDUM OF DECISION**

This matter was tried before the Court, sitting without a jury, on June 27, 2016. Having considered the testimony and evidence presented at trial, arguments of counsel, the applicable burden of proof, the pre-trial and post-trial briefing and the applicable law, the Court issues the following Findings of Fact and Conclusions of Law in accordance with Rule 52(a) of the Federal Rules of Civil Procedure.

**I.   BACKGROUND**

This case arises out of Plaintiff's claims that Sergeant Christopher Metz sexually assaulted Plaintiff and used excessive force against Plaintiff while incarcerated at Louisiana State Penitentiary on March 13, 2013.  On December 18, 2013, Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming that Defendant's conduct amounted to excessive force and sexual assault in violation of his Eighth Amendment rights.  Defendant submitted an Answer denying the allegations; however, he failed to plead qualified immunity — an affirmative defense. Plaintiff later filed a Motion for Summary Judgment on the issue of liability, which went

unopposed by Defendant. (R. Doc. 36). The Court denied Plaintiff's Motion for Summary Judgment on June 10, 2015. (R. Doc. 44). The case proceeded to a bench trial on June 27, 2016.

## II.     FINDINGS OF FACT

1. At all times relevant, Plaintiff, Felton Lagarde, was an adult inmate incarcerated by the State of Louisiana.

2. On March 13, 2013, Plaintiff was an inmate housed at the Louisiana State Penitentiary (Angola) working as an Orderly in the lobby area. (R. Doc. 80 at 29).

3. On March 13, 2013, Defendant, Sergeant Christopher Metz, was employed as a corrections officer by the Louisiana Department of Public Safety and Corrections and assigned to Angola.

4. As an Orderly, Plaintiff's duties included, among other things, cleaning the lobby area on the first and second floor, cleaning after meals and ensuring that there were enough plates set out for the next meal. (R. Doc. 80 at 64, 66-67).

5. On March 13, 2013, Plaintiff was on his knees counting the number of plates at the steam table on the first floor to ensure there were enough for the next meal. (R. Doc. 80 at 66).

6. While kneeling at the steam table, Defendant approached Plaintiff and the two men engaged in joking and conversation. (Pl.'s Exhibit No. 1 at 2, 4). During the conversation, Defendant exposed his penis, grabbed Plaintiff's head and ordered Plaintiff to suck his penis. (R. Doc. 80 at 67); (Pl.'s Exhibit No. 1 at 5). Plaintiff jerked his head away from Defendant's grasp and ran upstairs. (R. Doc. 80 at 67).

7. Defendant followed Plaintiff upstairs (R. Doc. 80 at 67) and Plaintiff retreated to the upstairs bathroom to get away from Defendant. (R. Doc. 80 at 67). While still in the bathroom, Plaintiff relieved himself at the urinal.

8. Meanwhile, Defendant retrieved a broom and then went to the bathroom to find Plaintiff. Upon entering the bathroom, Defendant found Plaintiff relieving himself at the urinal. While Plaintiff was still urinating, Defendant used the broomstick to poke Plaintiff in the buttocks while calling Plaintiff a 'hoe' and instructing Plaintiff to suck Defendant's penis. (R. Doc. 80 at 31, 67). Defendant then wedged the broomstick down the back of Plaintiff's pants and in between Plaintiff's bare butt cheeks, attempting to penetrate Plaintiff's anus. (R. Doc. 80 at 70-71); (Pl.'s Exhibit No. 1 at 2, 4, 5). Plaintiff was able to shove the broomstick aside before the broomstick could make contact with or penetrate his anus.[1] (R. Doc. 80 at 68, 71); (Pl.'s Exhibit No. 8). Plaintiff then ran out of the bathroom and down the stairs. (Pl.'s Exhibit No. 1 at 4).

---

[1] A medical exam on March 14, 2013 did not indicate signs of anal trauma or penetration, consistent with Plaintiff's testimony that Defendant attempted, but was unable to penetrate Plaintiff's anus with the broomstick. (Pl.'s Exhibit No. 8).

9.  Sometime later that day, Defendant found Plaintiff downstairs, took Plaintiff to the ground (Pl.'s Exhibit No. 1 at 9, 11), sat on top of Plaintiff, called Plaintiff a 'bitch' and ordered Plaintiff to apologize to Defendant. (R. Doc. 80 at 69); (Pl.'s Exhibit No. 1 at 2, 4). Defendant then stood up and let Plaintiff leave. (Pl.'s Exhibit No. 1 at 4).[2]

10. Plaintiff did not suffer any serious physical trauma or injury as a result of Defendant's conduct. Plaintiff did not suffer any physical trauma or injury, to his anus or otherwise, as a result of Defendant wedging a broomstick between Plaintiff's butt cheeks. (Pl.'s Exhibit No. 8).

11. On May 15, 2013, Plaintiff filed Administrative Response Procedure (ARP) No. 2013-1107, alleging that on March 13, 2013, Defendant exposed his penis to Plaintiff and asked Plaintiff to suck Defendant's penis. (Pl.'s Exhibit No. 6). During an interview, Defendant admitted to those allegations and was criminally charged. (Pl.'s Exhibit No. 6). After an investigation, the allegations made in Plaintiff's ARP were ruled substantiated. (Pl.'s Exhibit No. 6).

12. During trial, Defendant invoked his Fifth Amendment right against self-incrimination and refused to provide testimony when asked if he exposed himself to Plaintiff, demanded oral sex from Plaintiff, attempted to penetrate Plaintiff's anus with a broomstick and threw Plaintiff to the ground. The Court may—and does, indeed—draw an adverse inference from Defendant's repeated assertion of his Fifth Amendment right against self-incrimination in response to questioning at trial.[3] This inference, combined with Plaintiff's testimony at trial and during the investigation of his ARP (Pl.'s Exhibit No. 1), Defendant's inconsistent statements made during the investigation following Plaintiff's ARP (Pl.'s Exhibit No. 1 at 1-4, 12), and the result of Plaintiff's ARP (Pl.'s Exhibit No. 6), leads to the conclusion that on March 13, 2013 Defendant exposed himself to Plaintiff, demanded oral sex from Plaintiff, grabbed Plaintiff's head while kneeling in an attempt to force oral sex, later attempted to penetrate Plaintiff's anus with a broomstick and subsequently threw Plaintiff to the ground.[4]

13. Defendant was acting in the course and scope of his employment on March 13, 2013. (R. Doc. 48 at 3).

---

[2] Plaintiff also testified that Defendant: "constantly gabbed me and touched me, and him pulling his penis out wasn't the first time . . . . He constantly did it over the course of a period . . . stating to me that, 'Bitch, you gonna suck my dick.'" (R. Doc. 80 at 72).  Throughout these proceedings, Plaintiff has also claimed that Defendant punched him throughout the day on March 13, 2013.  These allegations, however, were not included in any of Plaintiff's complaints, statements or ARPs from March and May of 2013. They are likewise not mentioned by any of the guards who provided statements about the incident after speaking with Plaintiff. The Court therefore discredits this testimony as it is inconsistent with Plaintiff's and other statements taken at the time of the events. *Cf. Authement v. Parish of Terrebonne*, 2010 WL 5093866, at *8 (E.D. La. Dec. 8, 2010) (finding inmate's claim that prison official inserted a finger into inmate's anus causing pain and bleeding to be credible, as the inmate's "story ha[d] been consistent" from the time he first reported the incident several hours after it occurred.").
[3] *Hinojosa v. Butler*, 547 F.3d 285, 291 (5th Cir. 2008) (district court has broad discretion to allow an adverse inference to be drawn from the invocation of the Fifth Amendment in a civil trial).
[4] *See Gulf Coast Bank and Trust Co. v. Stinson*, 2013 WL 30136, at *4 (S.D. Miss. Jan. 2, 2013) (court drew adverse inference from party's silence and invocation of Fifth Amendment).

14. Corrections officers are precluded from engaging in sexual contact with inmates at Angola, pursuant to Louisiana Revised Statute 14:134.1(A) and Employee Rule No. 14(h) of the Corrections Services Employee Manual distributed by the Louisiana Department of Public Safety and Corrections. (Pl.'s Exhibit No. 2 at 38); (R. Doc. 80 at 28).

15. On March 13, 2013, it was common knowledge among guards at Angola that sexual contact with an inmate was prohibited. (R. Doc. 80 at 28).

## III. CONCLUSIONS OF LAW

### A. Sexual Assault

The Eighth Amendment protects prisoners from cruel and unusual punishment by prison officials. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). To state an Eighth Amendment claim, a prisoner must allege two elements, one subjective and one objective. First, the prisoner must show that the conduct was objectively "harmful enough" or "sufficiently serious" to reach constitutional dimensions. *Hudson v. McMillian*, 503 U.S. 1, 8, 20 (1992). Analysis of the objective prong is context specific and "depends upon the claim at issue." *Hudson*, 503 U.S. at 8. Although not "every malevolent touch by a prison guard gives rise to a federal cause of action," the Eighth Amendment is offended by conduct that is "repugnant to the conscience of mankind." *Id*. at 9–10. Actions are repugnant to the conscience of mankind if they are "incompatible with evolving standards of decency" or involve "the unnecessary and wanton infliction of pain." *Id*. at 10. Second, the subjective prong requires the prisoner to show that the defendant acted with a "sufficiently culpable state of mind." *Id.* at 8. In other words, the inmate must show there was no penological justification for the application of force and that it was instead applied maliciously and sadistically to cause harm. *Id.* at 6, 8.

In the sexual assault context, an inmate does not need to show "penetration, physical injury, or direct contact with uncovered genitalia" to make out a violation of the Eighth

Amendment. *See Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015).  Rather, a prison officer's "intentional contact with an inmate's genitalia or other intimate area" on one or multiple occasions, "which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." *Jamison v. United States*, 2016 WL 7670690, at *7 (W.D. La. Sept. 26, 2016); *see also Crawford*, 796 F.3d at 258 ("[N]o amount of gratuitous or sexually-motivated fondling of an inmate's genitals — even if limited in duration or conducted through the inmate's clothes . . . — is permitted by the Constitution."); *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) ( "An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant."); *Wood v. Beauclair*, 692 F.3d 1041, 1050 (9th Cir. 2012) ("sexual contact between a prisoner and a prison guard serves no legitimate role and is simply not part of the penalty that criminal offenders pay for their offenses against society"); *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003) ("prison guards conducted the strip search in a manner designed to demean and humiliate Calhoun, and we therefore conclude that he sufficiently stated a claim under the Eighth Amendment").

At trial, Plaintiff demonstrated that Defendant exposed his penis, forcibly grabbed Plaintiff's head while Plaintiff was kneeling, and made multiple demands for oral sex from Plaintiff, before shoving a broomstick down Plaintiff's pants and in between his uncovered butt cheeks in an attempt to penetrate Plaintiff's anus with the broomstick.  The unjustified conduct proven at trial is unquestionably "repugnant to the conscience of mankind" and therefore violates the Eighth Amendment. *See Crawford*, 796 F.3d at 257; *see also Schwenk v. Hartford*, 204 F.3d 1187, 1194 (9th Cir. 2000) (plaintiff sufficiently alleged a violation of the Eighth Amendment

when asserting that prison official "grabbed [inmate], turned her around forcibly, pushed her against the bars, and began grinding his exposed penis into her buttocks"); *Williams v. Prudden*, 67 F. App'x 976, 977 (8th Cir. 2003) (Plaintiff-inmate "sufficiently state[d] an Eighth Amendment claim by alleging that [correction's officer] forcibly ground his pelvis against her, grabbed her breast, verbally demanded sexual favors, made physical sexual advances, and attempted to force himself upon her."); *Calhoun*, 319 F.3d at 938, 940 (prison officers violated the Eighth Amendment where they invited female officers to watch strip search of male inmate, during which the spectators laughed at the inmate, made sexual comments about him and pointed "sticks" at the inmates anal area).

      The Court recognizes that this is a fact specific inquiry and not all unwanted or unnecessary touching, even if malevolent, will constitute an Eighth Amendment violation.[5] The Court is also aware, however, that in more recent years, "federal courts have recognized that the evolving standards of decency demonstrate 'a national consensus that any sexual assault of a prisoner by a prison employee constitutes cruel and unusual punishment.'" *Authement v. Parish of Terrebonne*, 2010 WL 5093866, at *6 (E.D. La. Dec. 8, 2010) (quoting *Rodriguez*, 399 F. Supp. 2d at 237-38 & n.6).  This finding is informed by the fact that 48 states currently "criminalize sexual contact between inmates and correctional officers," as opposed to only 18 states in 1997. *Crawford*, 796 F.3d at 259 & nn.5-7; *see also* La. Rev. Stat. § 14:134.1 (criminalizing "sexual conduct" between a corrections officer and inmate); *State v. Hart*, 687 So.2d 94, 96 (La. 1997) ("Because of the nature of the relationship between prisoners and those

---

[5] *See Copeland v. Nunan*, 250 F.3d 743, at *3 (5th Cir. 2001) (unpublished decision finding that Eighth Amendment was not violated where prisoner was subjected to two instances of "unwanted touching for which he suffered no physical and no more than *de minimis* psychological injuries"); *Washington v. City of Shreveport*, 2006 WL 1778756, at *2, 6 (W.D. La. June 26, 2006) (prisoner's allegations that guard "fondled her breast once, touched her inner thigh, and made sexual remarks to her, including repeatedly asking her for sex," did not constitute sexual harassment under the Eighth Amendment).

who exercise direct authority over them . . . we think the legislature intended to make the statute as broad as possible . . . . Therefore . . . it is clear that any and all conduct of a sexual nature between those persons designated in La. R.S. 14:134.1 and a person confined in a prison, jail or correctional institution was intended to be illegal."). "These laws and policies . . . make it clear that the sexual abuse of prisoners, once overlooked as a distasteful blight on the prison system, offends our most basic principles of just punishment." *Crawford*, 796 F.3d at 260. As such, the Court finds the conduct proven by Plaintiff was objectively serious enough to violate the Eighth Amendment.

Finally, the Court cannot conceive of any penological justification for this type of force or otherwise see how it could have been applied by Defendant in a good faith effort to maintain or restore discipline. *See Wood*, 692 F.3d at 1050 ("sexual conduct between a prisoner and a prison guard serves no legitimate role"). Indeed, Defendant did not present any justification — penological or otherwise — and the evidence does not show any prison disturbance that would have prompted the use of any force. Moreover, after Plaintiff ran away from Defendant's exposed genitals, Defendant found a broom and then followed Plaintiff into the bathroom, where the subsequent events took place away from any witnesses. The lack of justification, as well as the place and manner in which the force was applied satisfies the Court that Defendant acted with a sufficiently culpable state of mind. *Giron v. Corrections Corp. of America*, 191 F.3d 1281, 1290 (10th Cir. 1999) ("Where no legitimate penological purpose can be inferred from a prison employee's alleged conduct . . . the conduct itself constitutes sufficient evidence that force was used maliciously and sadistically for the very purpose of causing harm."). The force here satisfies the subjective prong of the Eighth Amendment as it was applied "maliciously and

sadistically" for the purpose of arousing or gratifying Defendant and humiliating Plaintiff. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *see also Hudson*, 503 U.S. at 6-7.

As such, the Court finds Plaintiff has demonstrated that the sexual assault by Defendant violated his Eighth Amendment right to be free from cruel and unusual punishment. The Court will discuss damages at the end of this opinion.

**B.      Excessive Force**

Plaintiff has proven that after refusing Defendant's sexual advances, later that day, Defendant threw Plaintiff to the ground and sat on top of him. (R. Doc. 36-1 at 1); (R. Doc. 36-4 at 2). Defendant did not make any sexual threats or demands during this encounter and Plaintiff did not suffer any physical injury as a result of this conduct.

In the context of an excessive force claim, "the core judicial inquiry" is not whether a "certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). While a serious injury must not occur for a court to find excessive force, the "absence of serious injury" remains relevant to the Eighth Amendment inquiry. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Grider v. Bowling*, 785 F.3d 1248, 1252 (8th Cir. 2015) ("The degree of injury suffered in an excessive-force case is certainly relevant insofar as it tends to show the amount and type of force used."). Nonetheless, the "Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force." *Gaddy*, 559 U.S. at 37-38. For example, an inmate complaining of a "push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim." *Id.* at 38.

The Eighth Amendment necessarily excludes from constitutional recognition "de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). Plaintiff has not established any physical injury caused by the conduct and has not put forth evidence establishing the level of force exerted. Simply put, the fact that Defendant threw Plaintiff to the ground and sat on top are him is insufficient to find excessive force in violation of the Eighth Amendment.

### C.   Damages under 42 U.S.C. § 1997e(e)

As relief, Plaintiff seeks damages for both physical and emotional injuries, as well as punitive damages, attorney's fees and costs. (R. Doc. 1). Section 1997e(e) of the Prison Litigation Reform Act provides that an inmate may not recover "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e). A physical injury, according to the Fifth Circuit, means "'more than *de minimis*, but need not be significant.'" *Ashley v. Perry*, 2015 WL 9008501, at *5 (M.D. La. Dec. 15, 2015) (quoting *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)); *see also Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. 1997) ("A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional."). A "sexual act" is defined as "penetration, however slight," of the "anal or genital opening of another" or contact between the mouth and the anus or genitals of another. 18 U.S.C. § 2246(2) (defining "sexual act"); *see also* 42 U.S.C. § 1997e(e) ("sexual act (as defined in section 2246 of Title 18)").

The Court has already determined that Plaintiff did not suffer any physical injuries as a result of Defendant's sexual assault. Moreover, the sexual assault in this case did not involve

"penetration, however slight" of Plaintiff's "anal . . . opening," nor did it involve contact between the mouth and the anus or genitals. Therefore, the absence of a physical injury or sexual act precludes the recovery of compensatory, mental or emotional damages. *See Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) (in the absence of physical injury, §1997e(e) precludes the recovery of compensatory damages, including emotional damages); *Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007) (compensatory damages are not available for constitutional violations in the absence of physical injuries).

Nonetheless, even where compensatory damages are not available, an inmate deprived of his or her constitutional rights remains entitled to nominal and punitive damages. *See Louisiana ACORN Fair Housing v. LeBlanc*, 211 F.3d 298, 303 (5th Cir. 2000) ("our circuit has adhered to the general rule that a punitive award may stand in the absence of actual damages where there has been a constitutional violation); *Hutchins*, 512 F.3d at 197-98 ("recognize[ing] that § 1997e(e) does not bar . . . recovery of nominal or punitive damages"); *Washington*, 695 F.3d at 644 (same); *Ashley*, 2015 WL 9008501, at *6 (acknowledging that the "Fifth Circuit has recognized, however, that a prisoner may recover nominal or punitive damages, despite a lack of physical injury, if he can successfully prove a constitutional violation").

Nominal damages "are not compensation for loss or injury, but rather recognition of a violation of rights." *Calhoun*, 319 F.3d at 941. An award of punitive damages rests on the Court's "discretionary moral judgment" as to the punishing and deterring effect punitive damages might have against a defendant who acted with evil intent or callous indifference. *See Smith v. Wade*, 461 U.S. 30, 50–52 (1983). When a court finds a violation of the Eighth Amendment, it likewise makes "the threshold finding of evil intent or callous indifference needed to warrant punitive damages, because the threshold standard for [an Eighth Amendment violation] — that

the force was applied maliciously and sadistically for the very purpose of causing harm — is substantially indistinguishable from the threshold standard for punitive damages." *Cooper v. Morales*, 535 F. App'x 425, 432 (5th Cir. 2013).

As such, the Court finds Plaintiff entitled to an award of $1.00 in nominal damages and $1,000.00 in punitive damages. The Court finds that such an award is appropriate based on the vulnerable status of the victim and the nature of the constitutional violation at issue. Such an award serves "to punish the defendant for his outrageous conduct and to deter him and others like him from similar conduct in the future." *Smith v. Wade*, 461 U.S. 30, 54 (1983) (citing Restatement (Second) of Torts § 908(1) (1977)). The Court has also considered the lack of physical harm, the somewhat isolated nature of the incident, and the need for a punitive damages award to further a legitimate purpose, but not constitute an arbitrary deprivation of property. *Cf. Carrington v. Easley*, 2011 WL 2132850, at *5 (E.D.N.C. May 25, 2011) (awarding $5,000 in punitive damages when defendant forced inmate to strip naked, grabbed inmate's penis and attempted to perform oral sex on inmate); *Glenn v. Cole*, 2010 WL 2303028, at *3 (E.D. Ca. June 7, 2010) (awarding $1.00 in nominal damages to inmate unconstitutionally put at risk of harm based on actions of defendant, but without injury, and $2,000 in punitive damages), *report and recommendation adopted*, 2010 WL 3746055 (E.D. Ca. Sept. 17, 2010).

### D.     Attorney's Fees under § 1988

Plaintiff has also sought attorney's fees pursuant to 42 U.S.C. § 1988(b) (R. Doc. 1), which allows the award of reasonable attorney's fees to the prevailing party in civil rights cases, including suits brought under § 1983. *Fox v. Vice*, 563 U.S. 826, 832-33 (2011). The Court finds that reasonable fees should be awarded in this case.

## IV.     CONCLUSION

For the reasons given above, judgment is entered in favor of Defendant as to Plaintiff's § 1983 claim of excessive force in violation of the Eighth Amendment.  Plaintiff's excessive force claim is therefore **DISMISSED with prejudice**.

Judgment is entered in favor of Plaintiff and against Defendant as to Plaintiff's § 1983 claim of sexual assault in violation of the Eighth Amendment. The Court **AWARDS** Plaintiff **$1.00** in nominal damages and **$1,000.00** in punitive damages against Defendant, as well as reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b).

Plaintiff is **ORDERED** to file a motion for attorney's fees on or before **February 17, 2017**.  Plaintiff's motion must include the information described in Local Rule 54(b) (Award of Attorney's Fees).  Any opposition to Plaintiff's request for fees must be filed by Defendant on or before **February 24, 2017**.

Signed in Baton Rouge, Louisiana, on February 2, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**