UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **FELTON LAGARDE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-805-RLB** |
| **SERGEANT CHRISTOPHER L. METZ** | |

**ORDER ON PLAINTIFF'S MOTION FOR FEES AND COSTS**

Before the Court is Plaintiff's Notice of Late Application to Have Costs and Attorney's Fees Taxed and Motion to Assess Attorney's Fees and Costs (Motion) (R. Doc. 87), filed on March 30, 2017. As of this Order, Defendant has not responded to the Motion. For the reasons given below, Plaintiff's Motion is **GRANTED in part** to the extent it seeks post-judgment interest, but is otherwise **DENIED** as untimely and procedurally deficient to the extent it seeks an award of costs or attorney's fees and related expenses.

I.  **BACKGROUND**

Following a bench trial, this Court issued a Memorandum of Decision and simultaneously entered a Final Judgment on February 2, 2017. (R. Docs. 84, 85). The Court ruled in favor of Plaintiff on his Eighth Amendment claim for sexual assault, but otherwise entered judgment in favor of Defendant. (R. Doc. 85). Because Plaintiff prevailed on his sexual assault claim, the Court awarded $1.00 in nominal damages and $1,000.00 in punitive damages, in addition to reasonable costs, and attorney's fees and expenses. (R. Doc. 84 at 12).

The Court ordered Plaintiff to file a motion for attorney's fees and related non-taxable expenses by February 17, 2017 and to "include the information described in Local Rule 54(b) (Award of Attorney's Fees)." (R. Doc. 84 at 12). Defendant was then given until February 24, 2017 to respond to any motion filed by Plaintiff. As for taxable costs presumptively allowed under Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920, Local Rule 54(c) directs Plaintiff to "serve on the attorney for the adverse party and file with the Clerk of Court *a notice of application* to have the costs taxed, together with a memorandum signed by the attorney," within "thirty days after receiving the notice of entry of judgment." LR 54(c) (Memorandum of Costs) (emphasis added). That deadline was March 6, 2017.

Despite the clear February 17, 2017 (attorney's fees and expenses) and March 6, 2017 (costs) deadlines, Plaintiff waited until March 30, 2017 to file the instant Motion seeking $19,638.00 in attorney's fees and $963.18 in "soft and hard costs." (R. Doc. 87). Plaintiff also requests "interest from the date of judgment pursuant to 28 U.S.C. § 1961." (R. Doc. 87 at 2).

Plaintiff filed the untimely Motion without requesting or otherwise being granted leave of Court. In it, Plaintiff fails to even acknowledge the Court-ordered deadline of February 17, 2017 to file any motion seeking attorney's fees and related non-taxable expenses. Instead, Plaintiff assumes that Local Rule 54(c)'s 30-day deadline for seeking taxable costs also applies to his request for attorney's fees. And while Plaintiff acknowledges that this 30-day deadline ran "from [the] *entry* of judgment," he argues that filing his Motion "within 30 days of the Judgment *becoming final*," should suffice (R. Doc. 87-2 at 2) (emphasis added). The Court does not agree.

## II. LAW AND ANALYSIS

Rule 54(d) of the Federal Rules of Civil Procedure pertains to the recovery of taxable costs, as well as attorney's fees and related nontaxable expenses, by a prevailing party. Fed. R.

Civ. P. 54(d)(1)-(2). As the prevailing party in this action, Plaintiff is presumptively entitled to taxable costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. Plaintiff may also be awarded statutory attorney's fees, including related nontaxable expenses, pursuant to 42 U.S.C. § 1988 and Rule 54(d)(2). As discussed below, the recovery of "taxable costs" under Rule 54(d)(1) is separate and distinct from the recovery of "attorney's fees and related nontaxable expenses" mentioned in Rule 54(d)(2) — a distinction ignored by Plaintiff.

Rule 54(d)(1) gives rise to a presumption that "costs" should be awarded to the prevailing party. "Costs" presumed under Rule 54(d)(1) are limited to those taxable costs listed in 28 U.S.C. § 1920 — e.g., fees of the clerk and marshal, fees of the court reporter and docket fees, among other things. *Cobb v. City of Roswell, Ga.*, 987 F. Supp. 2d 1319, 1322 (N.D. Ga. 2013).

After the entry of judgment, a party seeking to recover taxable costs pursuant to Rule 54(d)(1) and § 1920 must initiate their request by filing a bill of costs directly before the Clerk of Court. *Vanderbilt Mortgage & Finance, Inc. v. Flores*, 2011 WL 2160928, at *7 (S.D. Tex. May 27, 2011) ("Taxable costs are taxed by the clerk rather than the court."). Here, Local Rule 54(c) required Plaintiff to make his filing before the Clerk of Court within 30 days of the entry of judgment.

Attorney's fees and related nontaxable expenses are not listed under 28 U.S.C. § 1920 and are therefore not presumptively recoverable as "taxable costs" under Rule 54(d)(1). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-42 (1987). Rather, Rule 54(d)(2) explains that attorney's fees and related nontaxable expenses may only be recovered by the prevailing party if provided by statute. Here, 42 U.S.C. § 1988 allows a prevailing § 1983 claimant to recover an award of attorney's fees and related nontaxable expenses. *Cappeletti*

*Bros., Inc. v. Broward County*, 754 F. Supp. 197, 198 (S.D. Fla. 1991) (Under § 1988, related nontaxable expenses "are subsumed within the concept of a reasonable attorney's fee," but "are only recoverable if the party is entitled to attorney's fees."); *Harris v. Marhoefer*, 24 F.3d 16, 20 (9th Cir. 1994) (Related nontaxable expenses may generally include "out-of-pocket expenses that would normally be charged to a fee paying client.").

Unlike taxable costs, Rule 54(d)(2) requires a party seeking attorney's fees and related expenses to file a motion before the court. The motion must be filed within 14 days of the entry of judgment, unless ordered otherwise. Fed. R. Civ. P. 54(d)(2). In this case, the Court gave Plaintiff 15 days from the entry of judgment[1] — until February 17, 2017 — to file any motion for attorney's fees and related expenses. (R. Doc. 84).

If a prevailing party fails to act within the times specified, it may act as a waiver of that party's claim for costs or attorney's fees and expenses. *Chaney v. New Orleans Public Facility Management, Inc.*, 2011 WL 87617, at *1 (E.D. La. Feb. 20, 1998). When a motion is filed or costs are otherwise sought beyond the deadline, "the Court may grant an extension if the failure to timely file was the result of excusable neglect." *Chaney*, 2011 WL 87617, at *2 (untimely motion for attorney's fees and related expenses may only be allowed upon a showing of excusable neglect); *see also Lasater v. Texas A&M University-Commerce*, 2013 WL 991288, at *1 (N.D. Tex. Feb. 19, 2013) ("[T]he Court has discretion to extend the time allowed to file the bill of costs if the failure to timely file was due to excusable neglect."). While the court should

---

[1] The 'entry of judgment' is particularly relevant here, as it triggered both the 30-day period for seeking taxable costs before the Clerk of Court and the Court-ordered 15-day period for filing a motion for attorney's fees and related expenses. *See* LR 54(c) (Memorandum of Cost must be filed with Clerk of Court within 30 days of entry of judgment); Fed. R. Civ. P. 54(d)(2)(B)(i) ("Unless . . . a court order provides otherwise, the motion [for attorney's fees and related expenses] must . . . be filed no later than 14 days after the entry of judgment . . . ."); (R. Doc. 84 at 12) (Plaintiff must file motion for attorney's fees and related expenses within 15 days of judgment being entered – February 17, 2017).

consider all relevant circumstances, including the reason for the delay and any prejudice to the non-movant; "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." *Pioneer v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993).

Plaintiff's Motion does not recognize the substantive or procedural distinctions between taxable costs provided by Rule 54(d)(1) and 28 U.S.C. § 1920, and attorney's fees and related nontaxable expenses allowed under Rule 54(d)(2) and 42 U.S.C. § 1988. Instead, Plaintiff filed a single Motion before the Court seeking $19,638.00 in attorney's fees, and $963.18 in "soft and hard costs," asking that both attorney's fees and costs be taxed by the Court. (R. Doc. 87-2 at 2-3). Plaintiff does not explain the meaning of "soft" or "hard costs," nor does he categorize any of his requested "costs" as either "hard" or "soft." Nonetheless, the Court will consider Plaintiff's request for costs as both a request for taxable costs and related nontaxable expenses.

### A. Taxable Costs

To the extent Plaintiff is seeking taxable costs, pursuant to Rule 54(d)(1) and 28 U.S.C. § 1920, his Motion is procedurally deficient and untimely.[2]

Rule 54(d)(1) of the Federal Rules of Civil Procedure directs the prevailing party seeking "costs—other than attorney's fees" to file a memorandum or bill of costs with the Clerk of Clerk:

> Unless a federal statute, these rules, or a court order provides otherwise, costs-- other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

---

[2] Here, the Court's Judgment was silent as to an award for taxable costs available under Rule 54(d)(1) and § 1920. (R. Doc. 85). Nonetheless, a "natural reading of Rule 54(d) would lead one to conclude that a judgment silent about costs is a judgment awarding costs because the district court has not provided otherwise." *Whatley v. AHF Financial Services, LLC*, 2013 WL 4771466, at *3 (E.D. Tex. Sept. 5, 2013); *see also Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 544-45 (5th Cir. 1983) (where a judgment is silent about costs, the judgment is one allowing costs by implication from Rule 54(d)(1)). Accordingly, the Court's Final Judgment on February 2, 2017 awarded taxable costs to Plaintiff (the prevailing party) by implication under Rule 54(d)(1).

Fed. R. Civ. P. 54(d)(1). While Rule 54(d)(1) does not proscribe a deadline for seeking costs, Local Rule 54(c) does:

> Within thirty days after receiving notice of entry of judgment, unless otherwise ordered by the Court, the party in whose favor judgment is rendered and who claims and is allowed costs, shall serve on the attorney for the adverse party and file with the Clerk of Court a notice of application to have the costs taxed, together with a memorandum signed by the attorney of record stating that the items are correct and that the costs have been necessarily incurred.

"Specific objections . . . to any item of costs" being claimed in the notice of application to have the costs taxed, must then be raised within 14 days, after which, the Clerk of Court will tax those costs allowed under 28 U.S.C. § 1920. LR 54(d). Within 7 days of the costs being taxed, "a dissatisfied party may request . . . that the Court review the action of the Clerk of Court, in accordance with [Rule 54(d) of the Federal Rules of Civil Procedure]." LR 54(e).

Plaintiff filed a motion to tax costs on March 30, 2017, well after 30 days following his receipt of entry of judgment.

First, the filing of a motion is procedurally improper. The Court's Local Rules and the Federal Rules of Civil Procedure "direct[] parties to file a bill [or application] of costs not with the court, but with the clerk." *Cashman Equipment Corp. v. Rozel Operating Co.*, 2011 WL 2437601, at *1 (M.D. La. June 17, 2011) (noting that filing a motion to collect costs by the prevailing party "is inconsistent with what was contemplated by the federal and local rules"); *Vanderbilt Mortgage & Finance*, 2011 WL 2160928, at *7 ("To request taxable costs, the prevailing party must file a bill of costs with the clerk. Taxable costs are taxed by the clerk rather than the court.").

Second, Plaintiff's request is untimely and he has made no showing of excusable neglect. Plaintiff suggests that the timing of his Motion should be deemed sufficient based on a misguided and somewhat confusing argument concerning the Judgment's "finality."

Specifically, Plaintiff believes that the Judgment (R. Doc. 85), while "entered" on February 2, 2017, did not actually become a "final judgment" until after the 30-day time limit for filing an appeal had run — March 6, 2017. Fed. R. App. P. 4(a) ("the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment"); (R. Doc. 87-2 at 1-2) ("The Judgment was entered on February 2, and this Motion . . . [is] being filed within 30 days of that Judgment becoming final."). And because he filed the instant Motion within 30 days of March 6, 2017, Plaintiff essentially suggests it is timely because, after all, his Motion was not that late.[3]

Putting aside the fact that Plaintiff is incorrect about the Judgment's 'finality' — it became final when it was entered on February 2, 2017[4] and was even titled "Final Judgment" (R. Doc. 85) — filing a motion late, but not that late, does not constitute excusable neglect.

Critically, Plaintiff makes clear that he understood Local Rule 54(c) required him to seek costs within 30 days of the February 2, 2017 Judgment being *entered* — by March 6, 2017. So regardless of his misconceptions about the finality of the judgment, Plaintiff knew that the 30-day period began to run on February 2, 2017. Nonetheless, he provides no explanation for his failure to seek costs within 30 days of the Judgment being entered or his failure to seek an

---

[3] To be clear, Plaintiff is not suggesting that he understood Local Rule 54(c) as requiring him to seek costs within 30 days of the Judgment becoming "final." Rather, he acknowledges that the rule gave him 30 days from entry of the Judgment. Nonetheless, Plaintiff argues that his failure to seek costs within 30 days of the Judgment's entry is of no moment, because he filed the instant Motion within 30 days of (what Plaintiff considers) the Judgement's "finality."

[4] Plaintiff appears to think there is a distinction between the entry of a judgment, and that judgment becoming final. Under Rule 54, a "judgment . . . includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). An appeal only lies from a "final" decision or judgment of the district court — generally, one that "disposes of all claims by all parties." *New Mexico v. Trujillo*, 813 F.3d 1308, 1316 (10th Cir. 2016); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (a district court's decision or judgment is "considered final and appealable" if it "ends the litigation on the merits"). Here, the Court entered a Memorandum of Decision and accompanying Judgment on February 2, 2017, disposing of all claims by all parties. And so, the Court's Judgment became "final" for purposes of seeking costs and attorney's fees on February 2, 2017 — the day it was entered. Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies.").

extension before the deadline. Instead, he suggests that his failure should be excused as he filed the Motion less than 30 days after he incorrectly thought the Judgment had become final.

In summary, Plaintiff did not seek costs until almost a month after the March 6, 2017 deadline; when he finally did, he failed to follow the correct procedures. Plaintiff has not shown excusable neglect. *See Williams v. Target Corporation*, 2015 WL 4885237, at *3-4 (E.D. Tex. Aug. 14, 2015) ("Defendant simply ignored the local rules and made the [incorrect] argument that there was not a final judgment in the case. The Court denies the request to allow Defendant's bill of costs [8 days] late because there was no excusable neglect under the facts of this case."); *Lasater*, 2013 WL 991288, at *1 (Defendants' untimely bill of costs would not be permitted as "Defendants have not offered any reason for their delay."); *Van Horn v. Lopez-Beaver*, 2008 WL 555361, at *5 (N.D. Tex. Feb. 29, 2008) (denying costs for failure to timely file a bill of costs under Local Rule 54.1).

### B. Attorney's Fees

To the extent Plaintiff is seeking attorney's fees and related nontaxable expenses available under Rule 54(d)(2) and 42 U.S.C. § 1988, his Motion is untimely. Rule 54(d)(2) requires a prevailing party seeking attorney's fees and related expenses to file a motion before the court within 14 days of the entry of judgment, unless ordered otherwise. Fed. R. Civ. P. 54(d)(2). Here, the Court expressly required Plaintiff to file any motion for attorney's fees and related expenses by February 17, 2017. (R. Doc. 84).

Plaintiff failed to comply with the deadline established by the Court. In fact, his Motion only mentions the Local Rule 54(c)'s 30-day deadline for seeking taxable costs, which is in no way applicable to a motion for attorney's fees and related nontaxable expenses. Plaintiff has made no effort to explain why he filed his Motion more than one and a half months after the

February 17, 2017 deadline. And so, the Court denies his Motion for attorney's fees and related expenses as untimely. *See Chaney v. New Orleans Public Facility Management, Inc.*, 1998 WL 87617, at *2 (E.D. La. Feb. 20, 1998) (denying motion for attorney's fees and expenses filed 32 days late; attorney's misunderstanding of local rule did not constitute excusable neglect); *Tisserand v. Blanco*, 2006 WL 4045926, at *1 (E.D. La. Aug. 18, 2006) (denying motion for attorney's fees filed 2 days late); *Mattel, Inc. v. Radio City Entertainment*, 210 F.R.D. 504, 505 (S.D.N.Y. 2002) (denying untimely motion for attorney's fees and expenses where counsel "candidly admitted that the reason he had failed to file within the 14-day limit was that he had overlooked or forgotten about Rule 54(d)(2)(B)"); *Murdock v. Borough of Edgewater*, 600 F. App'x 67, 71 (3d Cir. 2015) (denying motion where counsel "was not even aware of [] the Federal Rule's time limit for seeking attorney's fees" and finding counsel's "ignorance of the law is plainly not excusable neglect").

### C. Post-Judgment Interest

Finally, Plaintiff seeks an award of post-judgment interest, to which he is automatically entitled. An award of post-judgment interest is governed by 28 U.S.C. § 1961, which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court" and "shall be calculated from the date of entry of the judgment," at the rate determined by the statute. "Interest shall be computed daily to the date of payment . . . and shall be compounded annually." *Id.* § 1961(b).

Post-judgment interest is not discretionary. *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010). In fact, "all money judgments recovered in civil cases in federal district courts automatically bear interest from the date of entry," regardless of whether the judgment expressly provides for its payment. *Gele v. Wilson*, 616 F.2d 146, 148 (5th Cir.

1980); *see also Reeves v. International Tel. & Tel. Corp.*, 705 F.2d 750, 752 (5th Cir. 1983) ("The failure of the district court to allow post-judgment interest on its original judgment . . . was patently an oversight, for interest was allowable of right, not as a matter of discretion."); *In re Redondo Cost. Corp.*, 700 F.3d 39, 42 (1st Cir. 2012) ("Postjudgment interest is mandatory and the prevailing party is entitled to it even if the district court made no provision for its payment.").

As such, Plaintiff is entitled to post-judgment interest from the date of Judgment, February 2, 2017, until the Judgment is paid, at the rate set by 28 U.S.C. § 1961(a).

**III. CONCLUSION**

For the reasons given above, Plaintiff's Motion to Assess Attorney's Fees and Costs (R. Doc. 87) is **DENIED in part** to the extent Plaintiff seeks an award of taxable costs or attorney's fees and related non-taxable expenses. To be clear, the Court **DENIES** Plaintiff's request for $19,638.00 in attorney's fees and $963.18 in "soft and hard costs."

Otherwise, Plaintiff's Motion is **GRANTED in part** to the extent Plaintiff seeks post-judgment interest.

Signed in Baton Rouge, Louisiana, on May 31, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**